**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PERRY COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2090 |
| | § | |
| JOHN MOORE SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Perry Coleman, sued his former employer, John Moore Services LP, alleging

violations of the Fair Labor Standards Act for failure to pay overtime for hours worked in excess

of 40 hours in a workweek.  John Moore has moved to dismiss Coleman's amended complaint for

failure to state an FLSA violation or FLSA employer status under Federal Rule of Civil Procedure

12(b)(6) and Rule 8(a)'s pleading standards.  Coleman has responded, (Docket Entry No. 16), and

John Moore has replied, (Docket Entry No. 17).

Based on the pleadings; the motion, response, and reply; and the applicable law, this court

finds that the complaint's allegations are inadequate and grants the motion to dismiss, without

prejudice and with leave to amend.  The amendment must be filed no later than **January 31, 2014**.

The reasons for this ruling are explained below.

**I.      The Allegations in the Amended Complaint**

Coleman's amended complaint is terse.  His FLSA allegations in his amended complaint are

as follows:

> 6. The Plaintiff worked for Defendant from on or about January 2008

to on or about May 2012 as an electrician.

7. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours).

8. During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.

9. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendant willfully violated Plaintiff's rights under the FLSA.

(Docket Entry No. 12). Coleman seeks actual and compensatory damages. He also seeks liquidated damages for a willful FLSA violation.

John Moore moves to dismiss under Rule 12(b)(6) based on recent case law applying *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) to similar bare-bones FLSA allegations. *See Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (Boudin, J.) (holding that the plaintiffs' allegation that they "regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay," was insufficient to state a claim under *Twombly* and *Iqbal* because such allegations were "threadbare," "speculative," and "little more than a paraphrase of the statute"), *see also DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013) (holding that the plaintiff's allegations that, in "some or all weeks," she worked "more than forty hours a week" without being paid "1.5 times" her rate of compensation were inadequate because they were "devoid of any numbers to consider beyond those plucked from the statute."). John Moore argues that Coleman's allegations that he worked in excess of 40 hours per week without being paid overtime are insufficient because they "merely parrots" the

2

FLSA's text without supporting the overtime allegations with sufficient facts.  (Docket Entry No. 13 at 3).

In response, Coleman argues that the case law before and after *Twombly* and *Iqbal* support the sufficiency of his FLSA-violation allegations.  He does not address the challenge to the coverage allegations.  Coleman argues that the additional details can be obtained through discovery.  John Moore replies by pointing out that some of the cases Coleman relies on are from 2009 and the more recent cases denying motions to dismiss had considerably more detailed pleadings than Coleman's complaint. (Docket Entry No. 17 at 2).

## II.    Analysis

 On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See N.Y. Life Ins. Co. v. United States,* 724 F.3d 256, 261 (2d Cir. 2013).  The court will not dismiss any claims unless the plaintiff has failed to plead sufficient facts to state a claim to relief that is facially plausible, *Bell Atl. Corp.,* 550 U.S. at 570, that is, one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal,* 556 U.S. at 678.   The plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.

### A.      The Allegation of an FLSA Violation

The  FLSA states that for "employees engaged in interstate commerce . . . no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less

than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To show a violation of the FLSA's overtime requirements, a plaintiff must allege (1) that he was employed by the defendant; (2) that his work involved interstate activity; and (3) that he performed work for which he was undercompensated. John Moore argues that Coleman's complaint fails to allege his claims or coverage with sufficient factual specificity. John Moore relies on two recent circuit cases, *DeJesus v. HF Management Services, LLC,* 726 F.3d 85 (2d Cir. 2013) and *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012).

In *DeJesus,* the Second Circuit agreed with the district court that the plaintiff failed to allege sufficient facts supporting allegations that she worked overtime without proper compensation. DeJesus "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Dejesus*, 726 F.3d at 89. Those allegations were "no more than [a] rephrasing [of] the FLSA's formulation specifically set forth in section 207(a)(1)." *Id.* Because the "complaint [merely] tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts" her complaint was properly dismissed. *Id.* Plaintiff merely "repeated the language of the [FLSA]," without "estimat[ing] her hours in any or all weeks or provid[ing] any other factual context or content," *Id*.

Although plaintiffs are not required to provide an approximation of uncompensated overtime hours to survive a motion to dismiss FLSA overtime claims, *see Lundy v. Catholic Health System of Long Island Inc.,* 711 F.3d 106 (2d Cir. 2013), the Second Circuit required the plaintiff to at least "allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours," and noting that an approximation of hours "may help draw a plaintiff's claim closer to

4

plausibility," but was clear that such an approximation was not required.  *DeJesus*, 726 F.3d at 88

(citing *Lundy*, 711 F.3d at 114 n.7); *see also Nakahata v. New York–Presbyterian Healthcare Sys.,*

*Inc.,* 723 F.3d 192, 201 (2d Cir. 2013) (reasoning that the complaint lacked "any allegation that

Plaintiffs were scheduled to work forty hours in a given week.").

Before the Second Circuit's analysis in *DeJesus*, district courts in the Second Circuit allowed

threadbare paraphrasing of the FLSA's statutory requirements to survive a motion to dismiss.  *See*

*Cook v. Amedisys, Inc.,* No. 12-CV-1082 (WWE), 2013 WL 1409893, at *4 (D. Conn. Apr. 8, 2013)

(denying motion to dismiss a complaint that alleged 40-hour workweeks and an additional,

unspecified number of uncompensated overtime hours); *Cruz v. Rose Assocs., LLC,* No. 13-cv-

0112(JPO), 2013 WL 1387018, at *3 n. 2 (S.D.N.Y. Apr. 5, 2013) (denying motion to dismiss

unpaid overtime FLSA claims in a complaint that alleged that the plaintiff "regularly worked in

excess of forty hours per week" and that defendants "failed to properly compensate him").

*DeJesus* approved a district court's decision to require some factual content or context

beyond the elements of the statute.  Cases decided in district courts in the Second Circuit after

*DeJesus* have applied this requirement.  *See e.g.*, *Spiteri v. Russo,* No. 12-cv-2780 (MKB)(RLM),

2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (dismissing threadbare FLSA claims with

prejudice) (citing *DeJesus*, 726 F.3d at 89–90); *see also Perry v. City of New York,* No. 13-cv-

1015(JMF), 2013 WL 6641893, at *5 (S.D.N.Y. Dec. 17, 2013) (recognizing that *DeJesus* required

some "factual context or content" and finding sufficient a complaint alleging that EMTs,

paramedics, and fire inspectors were not properly compensated for daily work before and after shifts

"preparing materials for training classes, obtaining equipment from lockers, donning uniforms,

conducting briefings with outgoing employees, and obtaining information about units that were

currently on call," and alleging that "fire inspectors [were required to] check in with supervisors about daily assignments, plan and research their inspection routes, and . . . coordinate with other fire inspectors assigned to their group" all "without being compensated.").

In *Pruell v. Caritas Christi,* 678 F.3d 10, 12 (1st Cir. 2012) (Boudin, J.)*,* the plaintiffs appealed the district court's dismissal of a FLSA claim generally alleging the legal conclusion that they " 'regularly worked' over 40 hours a week and were not compensated for such time." The First Circuit found that a simple statement that plaintiffs worked more than forty hours per week was inadequate to establish a FLSA claim where the complaint lacked examples or estimates of unpaid time to substantiate the claim. *Id.* at 14 ("Yet even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times."). The court emphasized that "some latitude has to be allowed where a claim looks plausible based on what is known." *Id.* at 15 (finding that the plaintiffs should be allowed to file a second amended complaint to provide additional information about how many unpaid hours they worked and what type of work they performed). Cases decided after *Pruell* have followed this approach. *See Perez v. Prime Steak House Rest. Corp.*, 939 F. Supp. 2d 132, 141–42 (D. P.R. 2013) (denying motion to dismiss when the complaint alleged that the plaintiffs were regularly scheduled to work five days per week, "the regular shift was six (6) or seven (7) daily hours," and the overtime hours they worked came from working "2 or 3 daily hours devoted to tasks related to preparing [d]efendant [PSHRC's] establishment before it opened its doors to its clients and related to the closing of the establishment," because these allegations provided "both an estimate of the hours worked and a general idea of the type of work performed.").

Here, by contrast, Coleman's complaint has no allegations that provide any factual context

that form the basis for his claimed FLSA violation.  The complaint merely alleges that "[during] one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours" and that during "one or more weeks . . . Defendant failed to pay Plaintiff" the overtime rate.  For the same reasons as the First Circuit in *Pruell* and the Second Circuit in *DeJesus,* this court finds that more is required of a plaintiff than an "all purpose pleading template" with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action.  The *DeJesus* court was careful to note that it was not requiring a plaintiff to plead a specific number of hours worked; "mathematical precision" was not the standard.  But the court did not find it unfair or burdensome to require some factual allegations.  "[I]t is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place.  Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations."  *Dejesus*, 726 F.3d at 88–91.  Similarly, Coleman should be able to use his memory to flesh out the complaint with a factual context, before discovery has taken place.

John Moore points out that while Coleman cites cases denying motions to dismiss FLSA claims, the complaints in those cases provided facts that fairly put the defendant on notice of the basis of the claims.  Coleman relies on *McCollim v. Allied Custom Homes, Inc.,* No. 4:08-cv-3754(LHR), 2009 WL 1098459, at *1 (S.D. Tex. Apr. 23, 2009), but in that case, the plaintiff's allegations indicated that her overtime claim was based on alleged misclassification as an independent contractor.  Coleman also cites *Hoffman v. Cemex, Inc.*, No. 4:09-cv-3144(LHR), 2009 WL 4825224, at *9 (S.D. Tex. Dec. 8, 2009), but in that case, the plaintiffs alleged they had been classified as nonexempt but had not been paid overtime, and again provided some additional factual

7

context for their claim.

Accordingly, the motion to dismiss the FLSA violation claim is granted, without prejudice and with leave to amend the complaint to provide a factual context, consistent with this opinion.

**B.    The Allegation of FLSA Coverage**

John Moore contends that the complaint does not allege facts but rather merely recites the statutory elements of FLSA coverage.  Coleman does not respond to this argument.  His amended complaint alleges the following:

> At all times pertinent to this complaint, Defendant John Moore, LP was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce, and his work was essential to Defendant's business.

(Docket Entry No. 12 at ¶ 4).

To survive a motion to dismiss, a complaint must allege facts that show coverage under the FLSA.  *See, e.g., Lindgren v. Spears,* No. 4:10-cv-1929 (LHR), 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (holding that FLSA coverage must be alleged because it is an element of the claim). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ('individual coverage') or employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')." *Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir.1992). "Commerce," under the FLSA, "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).

The court agrees that the complaint does not sufficiently allege facts demonstrating

8

individual or enterprise coverage.  Rather than pleading specific facts that establish individual or enterprise coverage, Coleman recites the statutory elements of FLSA coverage or asserts generalized facts that do not relate to the coverage issue.  *See, e.g., Morrow v. J W Electric, Inc.*, No. 3:11-cv-19880D (SAF), 2011 WL 5599051, at \*1–\*3 (N.D. Tex. Nov. 16, 2011) (merely pleading work as an electrician does not allege coverage).

Because Coleman has failed to allege facts that, if taken as true, establish coverage under the FLSA, John Moore's Rule 12(b)(6) motion to dismiss is granted, without prejudice and with leave to amend to provide a sufficient factual basis consistent with this opinion.

## III.    Conclusion

The motion to dismiss the amended complaint (Docket Entry No. 13), is granted, without prejudice and with leave to amend with facts consistent with this opinion.  The amended pleading must be filed no later than **January 31, 2014**.

SIGNED on January 7, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

9