**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PERRY COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2090 |
| | § | |
| JOHN MOORE SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Perry Coleman, sued his former employer, John Moore Services LP, alleging violations of the Fair Labor Standards Act for failure to pay overtime for working more than 40 hours in a workweek. (Docket Entry No. 12). John Moore moved to dismiss Coleman's amended complaint for failure to state an FLSA violation or FLSA employer status under Federal Rule of Civil Procedure 12(b)(6) and Rule 8(a)'s pleading standards. (Docket Entry No. 13). The court granted the motion to dismiss without prejudice on January 7, 2014. (Docket Entry No. 18). Coleman filed his second amended complaint on January 31, 2014. (Docket Entry No. 19). John Moore has again moved to dismiss, (Docket Entry No. 20); Coleman has responded, (Docket Entry No. 21); and John Moore has replied, (Docket Entry No. 22).

Based on the pleadings; the motion, response, and reply; and the applicable law, this court finds that the complaint's allegations are adequate and denies the motion to dismiss. The reasons for this ruling are explained below.

**I.      The Allegations in the Second Amended Complaint**

Coleman's first amended complaint was sparse.  His FLSA allegations stated:

> 6.      The Plaintiff worked for Defendant from on or about January 2008 to on or about May 2012 as an electrician.
>
> 7.      During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours).
>
> 8.      During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.
>
> 9.      The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendant willfully violated Plaintiff's rights under the FLSA.

(Docket Entry No. 12).  The court granted John Moore's motion to dismiss because Coleman's complaint had no factual allegations.  For the reasons set out in *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012), and in *DeJesus v. HF Mgmt. Servs.,* 726 F.3d 85 (2d Cir. 2013), this court found that Coleman had to provide more than an "all purpose pleading template" with no facts and therefore no statement of a claim as opposed to a repetition of the elements of the cause of action. The court's dismissal was without prejudice to allow Coleman to amend.

Coleman's second amended complaint states:

> 3.      Plaintiff . . . worked for Defendant from January 2008 to May 2012 as an electrician.
> . . . .
>
> 8.      During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours.  Plaintiff worked a 7:00 AM to 6:00 PM shift or a 10:00 AM to 9:00 PM shift, averaging 10 hours per day.  Plaintiff regularly worked 6 days per week for [the] Defendant.

2

9.     During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.

10.     The acts described I the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per work week.

(Docket Entry No. 19).  John Moore moved to dismiss, arguing that the amended complaint did not correct the pleading defects that the court had identified.

## II.     The Motion to Dismiss

### A.     The Legal Standard for a Motion to Dismiss

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  The court will not dismiss unless the plaintiff has failed to plead sufficient facts to state a claim to relief that is facially plausible, *Bell Atl. Corp.,* 550 U.S. at 570, that is, one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal,* 556 U.S. at 678.  The plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### B.    Coleman's Second Amended Pleading

The FLSA states that for "employees engaged in interstate commerce . . . no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  To show a violation of the FLSA's overtime requirements, a plaintiff must allege (1) that he was employed by the defendant; (2) that his work involved interstate activity; and (3) that he performed work for which he was undercompensated.

John Moore argues that the second amended complaint is in generalized terms that track the statutory elements.  But taking the factual allegations as true for the purpose of the motion, if proved, they would show that:  Coleman regularly worked ten hours a day, six days a week throughout his tenure at John Moore, without overtime compensation.  Coleman has alleged "specifics with respect to [his] shift hours and the numbers of days [he] worked per week. . . .  Based on these factual allegations, it is clear that [Coleman was] routinely scheduled by [John More] to work more than forty hours per work week."  *Mendez v. U.S. Nonwovens Corp.*, No. 12-cv-5583 (ADS), 2014 WL 860328, at *14 (E.D.N.Y. March 5, 2014).  Coleman's amended complaint differs from pleadings in cases in which the plaintiffs merely allege that "they generally worked forty hours a week or less but then speculated that there might have been some weeks in which they worked more than forty hours because there were occasions when they worked additional time outside of their regularly scheduled shifts."  *Id.*  This result is consistent with cases from this district.  *See Craven v. Excel Staffing Serv., Inc.*, No. H-12-2860(MH), 2014 WL 345682 (S.D. Tex. Jan. 30, 2014);  *Rodriguez v. Silver Buyers, Inc.*, No. 4:12-cv-1831 (MH), 2013 WL 5372529 (S.D. Tex.

Sept. 24, 2013); *Richardson v. Wells Fargo Bank, N.A.*, No. H-11-0738(NFA), 2011 WL 2037604 (S.D. Tex. May 20, 2011); *Hoffman v. Cemex*, H-09-3144(LHR), 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009); *Qureshi v. Panjwani*, No. H.-08-3154(LHR), 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009)).

The cases John Moore cites are distinguishable.  In *Bustillos v. Academy Bus, LLC*, the court dismissed because the allegations were that the "weekly schedule varied from week to week and during his tenure with the Defendants, [he] would regularly work from 60 to 90 hours per week, but he provide[d] no further factual context as to his hours worked."  No. 13-civ-565 (AJN), 2014 WL 116012, at *1 (S.D.N.Y. Jan. 13, 2014).  In *Spiteri v. Russo*, the district court dismissed the complaint because the pleadings alleged only that the plaintiff worked approximately 50 to 60 hours per week, without alleging the type of work or when those hours were worked.  No. 12-cv-2780 (MKB)(RLM), 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013).  Finally, in *Hopkins v. JG Assocs.*, the plaintiffs relied only on "the broad-brush allegations that they were employed 'during the statutory period covered by this Complaint,' were 'frequently required to work hours in excess of forty per workweek,' and 'worked approximately 45-50 hours a week.'"  No. 12-04542 (RMB)(AMD), 2013 U.S. Dist. LEXIS 101183, at *7 (D.N.J. July 19, 2013).

In these cases, the complaints generally pleaded only statutory requirements.  Here, by contrast, Coleman alleges that he worked one of two ten-hour shifts six days a week for most of the weeks that he was employed by John Moore.  These allegations meet the pleading requirements of Rule 8.

John Moore contends that Coleman's pleadings are deficient because he failed to acknowledge whether he was an exempt or nonexempt employee, a misclassified employee, or

worked off-the-clock hours for which he was not paid.  Coleman correctly notes that exemptions are affirmative defenses.  (Docket Entry No. 21 at 3 (citing, among others, *Meza v. Intelligent Mexican Marketing, Inc.*, 720 F.3d 577, 580–81 (5th Cir. 2013)).  Although John Moore is also correct in responding that "Coleman must provide some factual context for the alleged violation," the factual allegations that Coleman has now provided in his complaint does so.  John Moore is on notice of plausible claims, meeting Rule 8's requirements.

### III.  Conclusion

The motion to dismiss the second amended complaint (Docket Entry No. 20), is denied.

SIGNED on April 28, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge